

1
2
3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

11 | Taharka Aboke Bey,

Case № CV 24-06922-ODW (PVCx)

12 |                    Plaintiff(s),

**SCHEDULING MEETING OF COUNSEL [FRCP 16, 26(f)]**

13 |        v.

14 | Tariq A. Nasheed,

15 |                    Defendant(s).

**NOTICE OF INTENT TO ISSUE SCHEDULING ORDER on April 17, 2025.**

16
17

18      This case has been assigned to the calendar of United States District Judge Otis

19  D. Wright II.  The responsibility for the progress of litigation in the federal courts falls

20  not only upon the attorneys in the action, but upon the court as well.

21      In order "to secure the just, speedy, and inexpensive determination of every

22  action," Fed. R. Civ. P. 1, all counsel are hereby ordered to familiarize themselves

23  with the Federal Rules of Civil Procedure ("Rule" or "Rules"), the Local Rules of the

24  Central District of California, and the standing rules of this Court.

25      Counsel please note the changes made to former Local Rule 6, now superseded

26  by Federal Rules of Civil Procedure 16 and 26(f), effective December 1, 2000.  The

27  Court will issue a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)

28

Rev. 01/25

on or before the date set forth in the caption.[1]  **No scheduling conference will be held unless ordered by the Court.**  Counsel shall meet at least 21 days in advance of the above date to prepare a jointly signed report for the Court, to be submitted no less than 7 days before the above date.  *See* Fed. R. Civ. P. 26(f)(1)–(2).  The report is to contain the items set forth below.  Pursuant to Rule 16(c), the parties shall be represented by counsel with authority to enter into stipulations regarding all matters pertaining to conduct of the case.

The Joint Report to be submitted shall contain the items listed in Rule 26(f); the parties' recommendations and agreements, if any, about the final scheduling order as listed in Rule 16(b)(1) through (6); and those items listed in Rule 16(c) which counsel believe will be useful for the Court to know.  Items which must be listed are the following:

    (1)    a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date;

    (2)    a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date;

    (3)    a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-15.4 (specifically excluding any statement of the terms discussed);

    (4)    an estimated length of trial and a proposed date for the Final Pretrial Conference and for Trial;

    (5)    a discussion of other parties likely to be added;

    (6)    whether trial will be by jury or to the court;

---

[1] Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Court issues a Scheduling Order.  At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because in the Scheduling Order, the Court will impose tight deadlines to complete discovery.

(7)   any other issues affecting the status or management of the case, including whether there is an immediate need for a case management conference; and

(8)   proposals regarding severance, bifurcation, or other ordering of proof.

In addition, the Joint Report shall contain the following:

(1)   a short synopsis of the principal issues in the case;

(2)   a statement of whether pleadings are likely to be amended; and

(3)   a statement as to issues which any party believes may be determined by motion.[2]

In the Scheduling Order, the Court will set a date for discovery cut-off,[3] a final date by which dispositive motions must be set for hearing, a Final Pretrial Conference date, and a trial date.

A continuance of the date set forth in the caption will be granted only for good cause.   (Counsel are informed that continuance of the above date causes commensurate delay in the trial date.)   **The failure to submit a Joint Report in advance of the date set forth in the caption may result in the dismissal of the action, striking the answer and entering a default, or the imposition of sanctions**.

---

[2] Where the Plaintiff's claim is predicated in whole or in part on denial of benefits under a plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000 *et seq.* ("ERISA"), the parties shall address the following additional issues in their Joint Report: (1) Standard of Review: What standard of review is applicable?  If the parties disagree, they shall propose a schedule for early briefing and decision of this issue on Motion; and (2) Pre-emption: Is there any contention that any state-law claim asserted by Plaintiff is pre-empted by ERISA?  If so, the parties shall propose a schedule for early briefing and decision of the issue on Motion.

[3] This is not the date by which discovery requests must be served; but the date by which all discovery is to be completed.  Any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.  The Court requires compliance with Local Rules 37-1 and 37-2 in the preparation and filing of discovery motions.  Except in the case of an extreme emergency which was not created by the lawyer bringing the motion, discovery motions may not be heard on an ex parte basis.

A settlement procedure appropriate to the particular case will be used in every civil action pursuant to Local Rule 16-15.1. In the Joint Report, counsel are to recommend a specific settlement procedure provided for in Local Rule 16-15, which will be utilized in this case. Available alternatives for consideration, not to the exclusion of others, include:

(1)    a settlement conference before the magistrate or district judge assigned to this case (Local Rule 16-15.4(1));

(2)    appearance before an attorney selected from the Attorney Settlement Officer Panel (Local Rule 16-15.4(2));

(3)    appearance before a retired judicial officer or other private or non-profit dispute resolution body for non-judicial settlement or mediation proceedings (Local Rule 16-15.4(3));

(4)    such other settlement mechanism proposed by the parties and approved by the court.

The report to the Court as to the above items should be preceded by a thorough and frank discussion among the attorneys for the parties. A Joint Report which does not comply with Rule 16, Rule 26(f), and this Order may cause continuance of the date set forth in the caption and possible sanctions under Rule 16(f) against the party or parties responsible. No courtesy copies of the Joint Report are required.

Motions shall be filed in accordance with Local Rule 7; the next available motion date can be found on the Court's motion calendar, which can be viewed on the Court's website.[4] This Court hears motions on **Mondays, commencing at 1:30 p.m. No supplemental brief shall be filed without prior leave of Court**. Courtesy copies are not required, except for motions for summary judgment or motions involving a substantial evidentiary showing. For these motions only, conformed courtesy copies of **moving, opposition, and reply papers** shall be delivered to the courtesy box on

---

[4] All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion cutoff date.

the 4th FLOOR of the U.S. Courthouse, 350 W. 1st Street, **by 2:00 p.m. the following business day. Courtesy copies shall NOT be blue-backed.** Adherence to the timing requirements is mandatory for chambers' preparation of motion matters.

Counsel should take note of the changes to the Local Rules affecting motion practice in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

**Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 7,000 words.** C.D. Cal. Civ. L.R. 11-6.1. **Replies shall not exceed 3,300 words.** Only in rare instances and for good cause shown will the Court grant an application to extend these limitations. **Typeface shall comply with Local Rule 11-3.1.1. NOTE: <u>Times New Roman</u> font must be used and the size must be <u>no less than 14.</u>** Footnotes shall be in typeface no less than two sizes smaller than text size and shall be used sparingly. Filings that do not conform to the Local Rules and this Order will not be considered.

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. At least two lines of the text of any order or judgment shall appear on the page that has the line provided for the signature of the judge, and at least two lines above the signature line shall be left blank for the judge's signature. C.D. Cal. L.R. 58-10.

Counsel are reminded ex parte applications are solely for extraordinary relief. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

///

Counsel for Plaintiff shall immediately serve this Order on all parties who have not yet appeared in this matter, including any new parties later added to the action.

**IT IS SO ORDERED.**

February 19 , 2025

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**